SUPERIOR COURT
OF THE

E. SCOTT BRADLEY
    JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5256

January 28, 2019

Jeffrey G. Vincent
SBI # 008601009
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

William T. Deely, Esquire
Schwartz & Schwartz, P.A.
1140 South State Street
Dover, DE 19901

Daniel A. Strumpf, Esquire
Office of the Defense Services
14 The Circle, 2nd Floor
Georgetown, DE 19947

      RE:   ***State of Delaware v. Jeffrey G. Vincent***
            **Def. Id. No. 1707014103**

Dear Counsel and Mr. Vincent:

This is my decision on Rule 61 Counsel's Motion to Withdraw as Counsel and Defendant Jeffrey G. Vincent's Motion for Postconviction Relief. On July 19, 2017, Vincent was arrested and charged with Rape in the First Degree, Attempted Rape in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, and Unlawful Sexual Contact in the First Degree. The charges arose out of Vincent's rape of his girlfriend's aunt. At the time of the rape, Vincent had been

temporarily living at the victim's residence. Vincent admitted to nearly every detail of the victim's allegations during his interview with the police. On November 22, 2017, Vincent pled guilty to one count each of Rape in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony. The plea agreement specified that the State would drop Vincent's remaining charges and recommend a sentence of 50 years at Level 5, suspended after serving 33 years at Level 5 for 8 years at Level 3 probation on the charge of Rape in the First Degree, and 25 years at Level 5, suspended after serving 2 years at Level 5 for 2 years at Level 3 probation on the charge of Possession of a Deadly Weapon During the Commission of a Felony. I sentenced Vincent in accordance with the State's recommendation in the plea agreement. However, the initial Sentencing Order failed to give Vincent credit for 126 days that he had previously served and to specify the custody period on the rape charge. I issued a corrected Sentencing Order on November 30, 2017.

On April 13, 2018, Vincent filed a Motion for Postconviction Relief. Rule 61 Counsel was assigned to Vincent. Vincent alleges 1) that Trial Counsel told him after he had taken the plea that the prosecutor had told Trial Counsel that the prosecutor had "no case," 2) that he was mentally and emotionally impaired when he pled guilty, and 3) that he did not receive the sentence that he agreed to in the plea agreement.

2

After a thorough review of the record, Rule 61 Counsel believes none of Vincent's claims for relief are meritorious. Rule 61 Counsel has filed a Motion to Withdraw as Counsel for Vincent.

## Motion to Withdraw as Counsel

I will first consider Rule 61 Counsel's Motion to Withdraw. Rule 61(e)(2) provides:

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.

In his Motion to Withdraw, Rule 61 Counsel stated that he reviewed the trial record, discovery materials, other documents from Vincent and Trial Counsel, and records from the Department of Correction. Rule 61 Counsel represents that he performed a detailed and thorough investigation into Vincent's grounds for relief, and determined each to be without merit. Rule 61 Counsel further represented that, following a careful review of the record, he found no other substantial ground for relief available to the Vincent. The Motion to Withdraw includes a detailed description of both the factual and legal basis for Rule 61 Counsel's opinion and properly informed Vincent that he would have 30 days to respond. Vincent did not

respond.

I also conducted my own review of the record, and am satisfied that Rule 61 Counsel properly determined that Vincent does not have a meritorious claim. For the above reasons, Rule 61 Counsel's Motion to Withdraw is **GRANTED.**

Rule 61 Counsel is reminded about his continuing duty under Rule 61(e)(7)(ii) regarding notification to Vincent.

## Motion For Postconviction Relief

This is Vincent's first Motion for Postconviction Relief and it was filed in a timely manner. Rule 61 Counsel was assigned to Vincent. Vincent alleges 1) that Trial Counsel told him after he had taken the plea that the prosecutor had told Trial Counsel that the prosecutor had "no case," 2) that he was mentally and emotionally impaired when he pled guilty, and 3) that he did not receive the sentence that he agreed to in the plea agreement. Rule 61 Counsel has found Vincent's claims to be without merit. Trial Counsel has filed an affidavit in response to Vincent's allegations.

## I. Ineffective Assistance of Counsel

Vincent alleges that Trial Counsel told him after he had taken the plea that the prosecutor had told Trial Counsel that the prosecutor had "no case." The United States Supreme Court has established the proper inquiry to be made by courts when

4

deciding a motion for postconviction relief.[1] In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, the defendant must show: "(1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial."[2] Further, a defendant "must make and substantiate concrete allegations of actual prejudice or risk summary dismissal."[3] It is also necessary that the defendant "rebut a 'strong presumption' that trial counsel's representation fell within the 'wide range of reasonable professional assistance,' and this Court must eliminate from its consideration the 'distorting effects of hindsight when viewing that representation.'"[4] There is no procedural bar to claims of ineffective assistance of counsel.[5]

I find that Vincent's ineffective assistance of counsel claim does not meet the *Strickland* standard. Rule 61 Counsel examined the record and found no merit to Vincent's claim. Rule 61 Counsel noted that prior to the plea colloquy, Trial Counsel

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

[2] *State v. Thompson*, 2003 WL 21244679 (Del. Super. April 15, 2003), *citing Strickland*, 466 U.S. 668 (1984).

[3] *State v. Coleman*, 2003 WL 22092724 (Del. Super. Feb. 19, 2003).

[4] *Coleman*, 2003 WL 22092724, at *2, *quoting Strickland*, 466 U.S. at 689.

[5] *Coleman*, 2003 WL 22092724, at *1, *citing State v. Johnson*, 1999 WL 743612, at *2 (Del. Super. Aug. 12, 1999).

5

stated on the record that he had discussions with Vincent about the evidence in the case, including Vincent's confession to the crimes that he was alleged to have committed. While Rule 61 Counsel noted that the physical evidence of the crimes was slim, any claim that the State had "no case" would be inaccurate. Rule 61 Counsel also pointed out that Vincent was given several opportunities to change his mind about the plea but was adamant on resolving the charges against him by pleading guilty to two of the four offenses.

In his affidavit, Trial Counsel denied Vincent's allegation. Trial Counsel noted that the State had the alleged victim's detailed account of the crimes, Vincent's *Mirandized* confession to those crimes, and an alleged victim who was ready and willing to testify at trial. Additionally, Trial Counsel noted that the statement that Vincent alleges that Trial Counsel made to him after he pled guilty would have been entirely at odds with his assessment of the State's case against Vincent.

My review of the record does not support Vincent's allegation. The case against Vincent was strong. First, Vincent confessed to the crimes. At no point does he allege any errors in his *Mirandized* confession. Vincent's recitation of the crimes mirrored the victim's allegations, minus the allegation that he wielded a knife. Second, the victim was ready, willing and able to testify at trial. Third, Vincent admitted during his plea colloquy to raping the victim and possessing a deadly

6

weapon while doing so.  This allegation is without merit.

**II. Mental Impairment**

Vincent claims that he was mentally and emotionally impaired when he pled guilty.  Vincent claims that he was not in a position to responsibly advocate for himself.

Rule 61 Counsel reviewed this allegation and determined there was no basis for this claim.  Rule 61 Counsel stated that both Trial Counsel and I were well aware of Vincent's mental health issues.  Rule 61 Counsel pointed out that Trial Counsel reviewed the medical records from the Department of Correction to make sure that Vincent was taking his medication.  Rule 61 Counsel stated that nothing in the record demonstrated that Vincent lacked any sort of capacity for entering into a plea.  Furthermore, Rule 61 Counsel points out that the plea was a "Guilty But Mentally Ill" plea.

In his affidavit, Trial Counsel stated that he was aware of Vincent's mental health issues.  Trial Counsel stated that it was his belief that Vincent was not impacted by those issues at the time of his plea.  Trial Counsel stated that he had a Psycho-Forensic Evaluator assess Vincent, obtain related records, and develop a plan of action.  Vincent was also examined by Dr. Robin Belcher-Timme, a psychologist, who concluded that at the time of the offense, Vincent's mental state did not meet the

criteria for a finding of Not Guilty by Reason of Insanity, but did meet the criteria for a finding of Guilty But Mentally Ill. Trial Counsel stated that based upon the report prepared by Dr. Timme, he was able to obtain a plea of guilty but mentally ill. On the day of Vincent's plea, both Trial Counsel and the Psycho-Forensic Evaluator met with him. Trial Counsel stated that Vincent informed them he was taking his medications and wanted to take the plea. Trial Counsel stated that both he and the Psycho-Forensic Evaluator agreed that Vincent was exhibiting rational thinking and controlled behavior and was competent to take the plea.

Prior to taking Vincent's guilty plea, I stated that I had read and accepted Dr. Timme's report. Trial Counsel discussed Vincent's symptoms and his treatment regimen with me. During the plea colloquy, I asked Vincent if he had decided to plead guilty but mentally ill. Vincent responded affirmatively. Vincent further affirmed his understanding of the crimes charged, his desire to resolve the charges, and the rights he was giving up. I accepted Vincent's plea as being made knowingly, intelligently and voluntarily. After reviewing the record, Rule 61 Counsel's motion, Trial Counsel's affidavit, and Vincent's plea colloquy, nothing has changed my mind that Vincent knowingly, intelligently and voluntarily accepted the plea. This allegation is without merit.

### III. Plea Agreement

Vincent alleges that he did not receive the sentence that he agreed to in the plea agreement. After reviewing the record, Rule 61 Counsel found that this claim had no merit. Rule 61 Counsel stated that the plea agreement and the corrected Sentencing Order both show that Vincent's sentence is exactly what Vincent agreed to in the plea agreement. Trial Counsel also stated in his affidavit that the sentence Vincent received is the exact one he bargained for. I reviewed Vincent's plea agreement and sentence. Vincent did receive the sentence that he agreed to in the plea agreement.

I note that Vincent does not state why he thinks the sentence he bargained for was not the one he received. On November 30, 2017, eight days after I sentenced Vincent, I corrected Vincent's Sentencing Order to accurately provide him with 126 days credit of Level 5 time that had been omitted from his prior sentencing order. This was a benefit to Vincent as it reduced the time he would have to serve after sentencing. This allegation is without merit.

## CONCLUSION

Defendant Jeffrey G. Vincent's Motion for Postconviction relief is **DENIED.**

**IT IS SO ORDERED.**

Very truly yours,

E. Scott Bradley

10